O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OKSANA BAIUL, an individual,      )  Case No. CV 15-05163 DDP (MRWx)
                                  )
            Plaintiff,            )
                                  )  **ORDER DENYING PLAINTIFF'S MOTION**
      v.                          )  **TO REMAND**
                                  )
NBC SPORTS, A DIVISION OF         )
NBCUNIVERSAL MEDIA, LLC, a        )
Delaware limited liability        )
company; ON ICE INC., a           )        [Dkt. 30]
California corporation BARRY      )
MENDELSON, an individual,         )
                                  )
            Defendants.           )
_____  )

     Presently before the court is Plaintiff Oksana Baiul's Motion
to Remand.  Having considered the submissions of the parties, the
court denies the motion and adopts the following Order.

**I.   BACKGROUND**

     The case arises from a dispute between Plaintiff, and
Defendants, NBC Sports, On Ice, Inc., and Barry Mendelson. In her
Complaint, Plaintiff alleges that Defendants converted and were
unjustly enriched by Plaintiff's 1994 performance of "Nutcracker On
Ice." (Compl. ¶ 1.) In December of 1994, Plaintiff performed "as
the headliner of the touring ice show, 'Nutcracker On Ice' promoted

1   by Defendants On Ice, Inc. ("OII") and Barry Mendelson

2   ("Mendelson")." (<u>Id.</u> at ¶ 2.) This performance was recorded

3   pursuant to an agreement between OII and NBC Sports ("NBC"). (<u>Id.</u>)

4   According to Plaintiff, under this agreement, "NBC Sports agreed to

5   pay all production expenses associated with the Picture, including

6   'royalties' to Oksana 'pursuant to the 'performance agreement'

7   between Oksana, on the one hand, and OII and NBC Sports, on the

8   other hand." (<u>Id.</u> at ¶ 3.) However, Plaintiff claims that due to

9   "fraud or mistake" Oksana never entered into any "performance

10   agreement" with either OII or NBC. (<u>Id.</u>) Plaintiff further

11   contends that she has been paid no royalties from the performance.

12   (<u>Id.</u>) As a result of this failure, Plaintiff asserts that she is

13   entitled to "no less than $10,000,000." (<u>Id.</u> at 6:20.)

14      Defendant NBC removed the action to this court.  Plaintiff has

15   now moves to remand on the basis that "OII has not joined in the

16   removal." (Mot. Rem. at 18:3-4.) NBC contests the remand on the

17   grounds that "OII's consent to removal was not required because OII

18   is merely a 'nominal' party and plaintiffs failed to properly serve

19   OII." (Opp. Mot. Rem. at 10:5-6.)

20   **II.  LEGAL STANDARD**

21      A defendant may remove a case from state court to federal

22   court if the case could have originally been filed in federal

23   court. 28 U.S.C. § 1441(a); <u>see also</u> <u>Snow v. Ford Motor Co.</u>, 561

24   F.2d 787, 789 (9th Cir. 1977).  As the removing party, Defendant

25   bears the burden of proving federal jurisdiction. <u>Duncan v.</u>

26   <u>Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996); <u>see also</u> <u>Matheson v.</u>

27   <u>Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir.

28   2003).  The removal statute is strictly construed against removal

1  jurisdiction, and federal jurisdiction must be rejected if any
2  doubt exists as to the propriety of removal. <u>Gaus v. Miles, Inc.</u>,
3  980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve
4  doubts as to removability in favor of remand).

5       "After removal, a plaintiff may move to remand the action to
6  state court under 28 U.S.C. § 1447 for lack of federal jurisdiction
7  or procedural defects. The defendant bears the burden of
8  establishing federal jurisdiction and must 'overcome the strict
9  construction of the removal statute against removal.'" <u>Johnson v.</u>
10 <u>Circuit City Stores, Inc.</u>, 71 F. Supp. 2d 1026, 1028 (N.D. Cal.
11 1999) (quoting <u>Mangini v. F.R. Reynolds Tobacco Co.</u>, 793 F. Supp.
12 925, 927 (N.D. Cal. 1992)).

13 **III. DISCUSSION**

14      Plaintiff argues that her "motion should be granted because
15 OII has not joined in the removal." (Mot. Remand at 18:4-5.)
16 Defendant argues that the removal was proper for two reasons: (1)
17 that OII is a nominal party and (2) that OII has not been served.
18 (Opp. Mot. Remand at 1:13-14, 25.)

19      **A.   Nominal Defendant**

20      Pursuant to 28 U.S.C. § 1446 "[w]hen a civil action is removed
21 solely under section 1441(a), all defendants who have been properly
22 joined and served must join in or consent to the removal of the
23 action." 28 U.S.C. § 1446(b)(2)(A). However, "the 'rule of
24 unanimity' does not apply to 'nominal, unknown or fraudulently
25 joined parties.'" <u>United Computer Sys. v. At&T Info. Sys.</u>, 298 F.3d
26 756, 762 (9th Cir. 2002)(quoting <u>Emrich v. Touche Ross & Co.</u>, 846
27 F.2d 1190, 1193 n.1 (9th Cir. 1988)). "A nominal defendant is a
28 person who 'holds the subject matter of the litigation in a

3

subordinate or possessory capacity as to which there is no dispute.' . . . As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest." <u>SEC v. Colello</u>, 139 F.3d 674, 676 (9th Cir. 1998) (quoting <u>SEC v. Cherif</u>, 933 F.2d 403, 414 (7th Cir. 1991)).[1]  The removing party bears "the burden of proving a defendant is a nominal party. . .." <u>Shears v. Citimortgage, Inc.</u>, No. 14-cv-02689-TLN, 2015 WL 4393915, at *4 (E.D. Cal. Jul. 15, 2015). "'Determining nominal party status is a practical inquiry focused on the particular facts and circumstances of a case,. . .." <u>Id.</u> (quoting <u>Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.</u>, 736 F.3d 255, 260-261 (4th Cir. 2013)).

Here, Defendant claims that OII is a nominal defendant and therefore was not required to join in the removal. (Opp. Mot. Rem. at 10:5-6.) Defendant bases this conclusion on the fact that "OII is an inactive corporation with no assets," a fact that Plaintiff does not dispute. (Opp. Mot. Rem. at 12:18; Mot. Rem. at 1:18.) However, determinations of nominal status do not rest solely on whether a party is an active corporation with assets. A nominal defendant is a party to an action "'only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant.'" <u>Gamrex, Inc. v. Schultz</u>, No. 10-00380 JMS, 2010 WL 3943910, at *7 (D. Haw. Sept. 9, 2010) (quoting <u>Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.</u>, 276 F.3d 187, 192 (4th Cir. 2002)). Here,

---

[1] For purposes of diversity, the Ninth Circuit has defined a nominal party "as one 'who has some immaterial interest in the subject matter of the lawsuit and who will not be affected by any judgment.'" <u>Shears v. Citimortgage, Inc.</u>, 2015 WL 4393915 at *2 (E.D. Cal. Jul. 15, 2015) (quoting <u>Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.</u>, 736 F.3d 255, 260 (4th Cir. 2013)).

4

1   Plaintiff brings three causes of action against OII.  Courts have
2   concluded that "where the complaint pleads substantive allegations
3   against and seeks money from" a party, they are not nominal.
4   Raissian v. Quality Loan Service Corp., No. CV-14-07969-BRO, 2014
5   WL 6606802, at *4 (C.D. Cal. Nov. 19, 2014); see Latino v. Wells
6   Fargo Bank, N.A., No. 11-cv-02037-MCE, 2011 WL 4928880, at *3 (E.D.
7   Cal. Oct. 17, 2011)).

8       Defendant has not carried it's burden to prove that OII is a
9   nominal party. Plaintiff alleges causes of action against OII and
10  seeks to recover from it.  Defendant's "removal [was] procedurally
11  defective [because] there [was] a lack of 'unanimity' between co-
12  defendants."  Hafitz v. Greenpoint Mortg. Funding, Inc., 652 F.
13  Supp. 2d 1050, 1052 (N.D. Cal. 2009) (quoting United Computer Sys.
14  Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002)).

15      **B.   Service**

16      Defendant additionally argues that "OII's consent to the
17  removal [was] not required because Plaintiffs failed to properly
18  serve OII."  (Opp. Mot. Rem. at 13:7-8). "All defendants who have
19  been 'properly . . . served in the action' must join a petition for
20  removal." Destifino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011)
21  (quoting Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th
22  Cir. 1988)). "The sufficiency of service of process before removal
23  from state court is determined under state law." Team Enters., LLC
24  v. Western Inv. Real Estate Trust, No. CV F 08-1050 LJO, 2008 WL
25  4367560, at *2 (E.D. Cal. Sept. 22, 2008).

26      California Code of Civil Procedure section 416.10 governs
27  service of process on a corporation.  Section 416.10 provides: "[a]
28  summons may be served on a corporation by delivering a copy of the

summons and the complaint by any of the following methods: (a) To the person designated as an agent for service of process. . .." Cal. Code Civ. Proc. § 416.10. "As long as the defendant receives actual notice of the lawsuit, substantial compliance with the Code provisions governing service of summons will generally be held sufficient." Team Enters., LLC, No. CV F 08-1050 LJO, 2008 WL 4367560, at *3. Once the defendant challenges service, the plaintiff bears the burden to show that service was sufficient. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Here, Defendants contend that "plaintiffs did not properly serve OII." (Opp. Mot. Rem. at 14:7.) Plaintiff concedes as much. In her Motion for Remand Plaintiff states, "OII was not properly served prior to the filing of the Removal Petition." (Mot. Rem. at 19:13-14.) Plaintiff served OII on July 14, 2015, six days after NBC filed the petition for removal. (Id. at 1.)[2] Even under California's liberal substantial compliance standard, Plaintiff's attempted service on OII is insufficient because Plaintiff failed to prove that OII received actual notice of this lawsuit. For this reason, OII was not required to join in the removal.

In her Reply brief, Plaintiff requests that the court "order service by publication which will eliminate this NBC objection to remand." (Reply to Opp. Mo. Rem. at 9:10-11.) However, properly serving OII later will not invalidate the removal. 28 U.S.C. § 1446

---

[2] Plaintiff served "OII's agent for service" in Delaware. (Reply to Opp. Mot. Rem. at 8). Defendant argues that this was ineffective service "because at the time OII was served it had already been a void Delaware corporation for fifteen years. . .." (Opp. Mot. Rem. at 14:17-18.) However, the court need not address this issue, as Plaintiff concedes that OII was not properly served prior to NBC filing the removal petition.

only requires that "all defendants who have been properly joined
and served" to join in the removal. 28 U.S.C. § 1446(b)(2)(A). A
party that has not been properly served "'need not be joined' in a
petition for removal." <u>Emrich</u>, 846 F.2d at 1193 n.1 (quoting
<u>Salveson v. Western States Bankcard Ass'n</u>, 731 F.2d 1423, 1429 (9th
Cir. 1984)). Even if Plaintiff was able to properly serve OII, it
would not affect the validity of NBC's removal.  <u>See</u> <u>Lewis v. Rego
Co.</u>, 757 F.2d 66, 69 (3rd Cir. 1985) (". . .once a case has been
properly removed the subsequent service of additional defendants .
. .  does not require or permit remand on a plaintiff's motion.").

**IV.   CONCLUSION**

Although the Court concludes that OII is not a nominal
defendant, Plaintiff failed to show that she properly served OII.
For this reason, Plaintiff's motion to remand is denied.

IT IS SO ORDERED.

Dated: February 2, 2016

DEAN D. PREGERSON
United States District Judge