1  EDWARD W. PILOT, A PROFESSIONAL CORPORATION
2  EDWARD W. PILOT, ESQ. (SBN 136812)
   9107 Wilshire Blvd. No. 700
3  Beverly Hills, CA 90210
   TEL: (310) 274-9602
4  FAX: (310) 274-7749
5  E-MAIL: edpilotlaw@gmail.com

6  Attorney For Defendant Barry Mendelson, an individual and
7  Defendant DOE 1 Mendelson Entertainment Group, LLC,
   incorrectly sued as Mendelson Entertainment Inc.

8
9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  OKSANA BAIUL-FARINA,              )  Case No. 2:15-CV-05163-DDP-MRW
12  professionally known as           )
    OKSANA BAIUL, an individual,      )  Defendant Barry Mendelson's and
13  and OKSANA, LTD,                  )  Defendant Doe 1 Mendelson
    a Pennsylvania Corporation        )  Entertainment Group LLC's
14                                    )  Supplemental Memorandum Of Points
                                      )  And Authorities In Support Of Motion
15       Plaintiffs                   )  To Dismiss Plaintiff's Second Amended
                                      )  Complaint For Failure To State A Claim
16                                    )
    vs.                               )  [Pursuant to Fed. R. Civ. P. 12(b)(6)]
17                                    )
    NBC SPORTS, a division of NBC     )  [Submitted Concurrently With
18  UNIVERSAL MEDIA LLC, a            )  Notice  of:  Joinder;  and  Filing
    Delaware limited liability company; )  Supplemental Memorandum of Points
19  ON ICE, INC., a California corporation; )  and Authorities; Proposed Order]
20  BARRY MENDELSON, an individual;   )
    DOES 1-10                         )  Date: April 11, 2016
21                                    )  Time: 10:00 a.m.
                                      )  Location: Courtroom 3
22       Defendants.                  )
                                      )  Removed: July 8, 2015
23  _____)  Trial Date: None Set

24

25

Supplemental Memorandum of Points and Authorities

# **TABLE OF CONTENTS**

1.   Plaintiff's Lawsuit Should Be Dismissed With Prejudice
     As To Mendelson and MEG.                                                    1

2.   Plaintiff's New Cause of Action for Breach of Implied in Fact
      Contract Contradicts Her Other Factual Allegations.                        3

3.   Plaintiff Is Deceptive And Disingenuous In Her Pleading.                    4

4.   Summary                                                                     5

5.   Conclusion                                                                  5

i

## TABLE OF AUTHORITIES

**Cases**                                                                 **Pages**

Allen v. McCurry (1980) 449 US 90, 99-101, 101 S. Ct. 411, 417-418        3

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)                    2

Hamilton v. Asbestos Corp. (2000) 22 Cal.4th 1127, 1146, 95 Cal.Rptr.2d 701   3

Peduto v City of North Wildwood, (1989) 878 F. 2d 725, 727               4

Simmons v. Cal. Institute of Technology (1949) 34 Cal.2d 264, 272        5

Wulfjen v. Dolton (1944) 24 Cal.2d 891, 894-895, 151 P. 2d 846           4


**Statutes**

Cal. Civil Code §§ 1549, 1550(2)                                         3

Cal. Civil Code § 1621                                                   4

8 U.S.C. § 1324a et seq.                                                 2

ii

Supplemental Memorandum of Points and Authorities

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

In addition to joining in NBC Unviersal's ("NBC") Motion to Dismiss and its Request for Judicial Notice, Defendant Mendelson and Doe 1 Mendelson Entertainment Group, LLC ("MEG") make the following additional arguments.

## 1. Plaintiff's Lawsuit Should Be Dismissed With Prejudice As To Mendelson and MEG.

Plaintiff has abused the judicial process from coast to coast. This lawsuit is her third attempt in this particular California litigation which follows on the heels of her unsuccessful litigation on the same primary right in the New York State and Federal Courts.[1] Among the myriad lawsuits that Baiul has filed in recent years - all of which have been dismissed - she previously filed a lawsuit against more than 20 individuals and entities arising from substantially similar allegations to those here. This Court found that suit to be frivolous and wholly without merit. It granted defendants' motion to dismiss on statute of limitations grounds. See Baiul v. William Morris Agency, LLC No. 13 Civ. 8683(KBF), 2014 WL 1804526 (S.D.N.Y. May 6, 2014), aff'd 601 F. App'x 58 (2d Cir. 2015) (summary order).

Baiul also previously brought two related actions against NBC (among others) arising out of alleged commercial uses of Baiul's name and likeness relating to the same skating shows at issue here. This Court granted defendants' motion for summary judgment on those claims and awarded attorneys' fees to defendants. See Baiul v. NBCUniversal Media LLC Nos. 13 Civ. 2205 (KBF), 13

---

[1] Mendelson and MEG adopt NBC's recitation of the history of these related lawsuits.

Supplemental Memorandum of Points and Authorities

1

Civ. 2208(KBF), 2014 WL 1651943 (S.D.N.Y. Apr. 24, 2014), aff'd 607 F. App'x 99 (2d Cir. 2015) (summary order). [Katherine B. Forrest, United States District Judge's September 16, 2015 Memorandum of Decision, 15-cv-2816 (KBF) at page 1]

Plaintiff Baiul escaped dismissal with prejudice in New York because the cause of action which she had alleged in the New York Supreme Court, which was the basis for the removal to the Federal District Court for Southern District of New York, was so meritless that it failed to state a cause of action. Hence, it would not support removal. Plaintiff had tried to allege violation of the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1324a et seq.

As Judge Forrest noted, only a well pled cause of action will support removal, citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) [*Forrest Decision* at pages 7, 9] Baiul's cause of action for violation of the Immigration Reform and Control Act of 1986 [*Forrest Decision* at page 3] failed to state any cause of action, leaving the federal district court without jurisdiction to dismiss the complaint with prejudice.

Plaintiff's Baiul had had her prior actions based upon the same primary right dismissed as frivolous in one instance and dismissed on summary judgment in another instance. [*Forrest Decision* at page 1] In the New York District Court, Baiul was on her Third Amended Complaint, and in this court, she is on her Second Amended Complaint. Baiul's new causes of action in the Second Amended Complaint in this court is as defective as her IRCA cause of action was in New York. [See *infra* and NBC's Motion to Dismiss]. Thus, in addition to the prior lawsuits which the courts dismissed, Baiul is actually on her 7th Amended Complaint. This lawsuit was filed in California after she had dismissed without

prejudice her lawsuit in the New York State Court. Thus, adding together those amended complaints to the ones in California, we have seven attempts.

## 2. Plaintiff's New Cause of Action for Breach of Implied in Fact Contract Contradicts Her Other Factual Allegations

Plaintiff attempts to make the factual allegation that she only recently learned that she had a deal with defendants to be paid, but her implied-in-fact contract is factually inconsistent with her claim of recent discovery. [*SAC 5:11-6:3*] If there had been an implied-in-fact contract in 1993 or 1994, then Plaintiff had to know about it.   An implied-in-fact contract is a factual pleading of Plaintiff's knowledge.  Without knowledge, there could be no contract as there could be no mutual assent.[2]  Cal. Civil Code, §§ 1549, 1550(2)

The Implied-in-Fact Contract is barred for another reason. Plaintiff's new facts are not facts, but merely a theory of recovery.  There are not any new facts which were concealed from her.  Each of these theories has been rejected by the courts and each theory is based on the same primary right.

The series of lawsuits by Plaintiff's attorneys show a conscious disregard for proper pleading.  Plaintiff's primary right has already been litigated and the outcome has been against her. Allen v. McCurry (1980) 449 US 90, 99-101, 101 S.Ct. (1980) 411, 417-481, Hamilton v. Asbestos Corp. (2000) 22 Cal.4th 1127, 1146, 95 Cal.Rptr.2d 701.[3] She may not now bring a new action based on the

---

[2]  The allegation that she entered into an implied-in-fact contract by fraud and mistake is legal gibberish. [SAC 5:16-27]

[3]  When state courts fail to provide a full and fair hearing, there may be an

3

same Primary Right against anyone.[4]

## 3.   Plaintiff Is Deceptive And Disingenuous In Her Pleadings

After multiple courts and at least seven renditions of her claim, Plaintiff still cries that she was a poor minor without any protection.   When Plaintiff presents the mixed claims that she was a minor (FAC 4:8, SAC 3:13), which would delay the date of majority for her to file a lawsuit in her own name, plus delayed discovery, Plaintiff has a duty to be forthwith with the court about all the relevant dates and other facts.  As NBC points out its Motion to Dismiss, Plaintiff has failed to plead the necessary facts. *NBC's Motion to Dismiss at* pages 11-12. Thus, Mendelson and MEG will only discuss the failure to be forthright about her age.

By alleging an implied-in-fact contract (Cal. Civil Code, § 1621), Plaintiff is factually admitting that she knew about the alleged contract in 1994.  Inherent in the concept of a contract is mutual assent and mutual assent requires knowledge.   Thus, by alleging an implied-in-fact contract for payment for her

---

exception to allow litigation in federal court, but Plaintiff has failed to make any such allegations against the California state courts. Peduto v City of Northwood, (1989) 878 F.2d 725, 727.

[4] When a plaintiff sues, she has to assert all causes of action or lose the causes of action which she omits. This rule is called the rule against splitting cause of action. The California courts have a policy to prevent defendants from being subjected to the same matter over & over because a plaintiff decides to assert her causes of action in a serial manner. Wulfjen v. Dolton (1944) 24 Cal.2d 891,894-

1994 Performance, she knew in 1994.  The contract could not come into existence

after she had performed as past consideration is no consideration.  <u>Simmons v.</u>

<u>Cal. Institute of Technology</u> (1949) 34 Cal.2d 264, 272

Because Plaintiff fails to allege her birth date, the parties and the court are

forced to use common knowledge and reason to determine that her statute of

limitation ran years ago.  As an Olympic gold medalist, Plaintiff was no less than

13 years old in 1994 in order to star in the Nutcracker, which means she had to

have reached her majority by 1999.  The longest statute of limitations is three

years, which means she had until 2002 to bring her claims.

## 4.   Summary

Plaintiff Baiul has had her day in court – again and again and again.  Just as

she dredges up inappropriate causes action, she had added inappropriate

defendants, Mendelson and MEG.

## 5.   Conclusion

Defendants Mendelson and MEG respectfully request that this Court

dismiss **with prejudice** the complaint against Mendelson and MEG. Defendants

also request that this Court not accept another voluntary dismissal from Plaintiff.

If she should try that ploy again, Defendants request that the court reject it and

instead dismiss the case **with prejudice**.

Dated: March 3, 2016              Edward W. Pilot, APC

                                             By:/s/ Edward W. Pilot
                                                  Edward W. Pilot, Esq.
                                                  Attorney for Defendant Barry Mendelson,an
                                                  individual and Defendant DOE 1 Mendelson
                                                  Entertainment Group, LLC, incorrectly sued
                                                  as Mendelson Entertainment Inc.

5