O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OKSANA BAIUL, an individual, | ) | Case No. CV 15-05163 DDP (MRWx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| NBC SPORTS, A DIVISION OF NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; ON ICE INC., a California corporation BARRY MENDELSON, an individual, | ) | [Dkts. 61,77,92,93] |
| Defendants. | ) | |

Presently before the court is Defendant NBC Universal Media, LLC ("NBC")'s Motion for Judgment on the Pleadings. Construing the motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court grants the motion and adopts the following Order.

**I. Background**

The factual background of this matter is not complicated. As described in this court's prior Order Granting NBC'S Motion to Dismiss (Dkt. 58), this case arises from a dispute between

Plaintiff Oksana Baiul and Defendants NBC and Barry Mendelson ("Mendelson").[1]  In 1994, Plaintiff gave an ice skating performance of "Nutcracker on Ice." (Second Amended Complaint ("SAC") ¶ 2.) Plaintiff alleges that as part of a Video Production and Distribution Agreement, NBC agreed to pay all production expenses associated with the Picture, including royalties to Plaintiff pursuant to a separate 'performance agreement' between Plaintiff and NBC. (Id. ¶¶ 2-3.) Plaintiff alleges, however, that due to "fraud or mistake," she never entered into any separate "performance agreement," and that she has never received any royalties from the performance. (Id. ¶¶ 3-4.) (Id.)

The procedural history of this case is somewhat more complicated. Plaintiff first filed suit ("the New York case") against NBC in New York state court in 2013, alleging that NBC had not paid her royalties for Nutcracker on Ice. After Plaintiff amended her state court complaint eight times, the case was removed to the United States District Court for the Southern District of New York and assigned to Judge Forrest, who had presided over another matter involving Plaintiff and NBC.[2] See Baiul v. NBCUniversal Media, LLC, No. 13 civ 2205 (KBF), 2014 1651943 (S.D.N.Y. Apr. 24, 2014); (NBC Request for Judicial Notice, Exs. 3-4.) Plaintiff amended her complaint once more in federal court.

---

[1] Plaintiff Oksana, LTD is the assignee of Baiul's rights. (Second Amended Complaint ("SAC") ¶ 6.) This Order refers to both Plaintiffs, collectively. Defendant Mendelson has joined in NBC's motion. (Dkt. 105).

[2] The Notice of Removal in the New York case represents that Plaintiff amended her complaint eight times, but nevertheless titled her eighth amended complaint "Second Amended Complaint." (RJN, Ex. 3.)

2

On June 23, 2015, the Second Circuit Court of Appeals affirmed Judge Forrest's grant of summary judgment and imposition of sanctions against Plaintiff and her counsel in the earlier matter. Baiul v. NBCUniversal Media, LLC, 607 F. App'x 99, 100 (2d Cir. 2015). Two days later, Plaintiff filed the instant suit in California state court.[3] The New York case was later remanded back to state court, amended once more, and then once again removed to federal court and assigned to Judge Forrest. NBC filed a motion to dismiss the New York case on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and for sanctions. (RJN Ex. 15.) Judge Forrest granted the motion, dismissed the New York case with prejudice, and imposed sanctions, observing, "If ever this Court has witnessed attorney conduct more vexatious and harassing or deserving of . . . sanctions, the Court has difficulty recalling that occasion." (Opinion & Order ("New York Order"), Dkt. 81, Ex. A at 37.)

NBC now moves to dismiss the instant case as res judicata.[4]

---

[3] For the sake of brevity, the court has omitted portions of the procedural history of these matters, including Plaintiff's attempt to dismiss NBC from the New York case without prejudice as she simultaneously brought suit against NBC in California, as well as Plaintiff's efforts to remand this case to state court.

[4] NBC previously filed a motion to dismiss pursuant to Rule 12(b)(6) (Dkt. 81), but did not raise res judicata as a grounds for dismissal in that motion. Instead, before that motion was taken under submission, NBC filed a motion to stay this case. (Dkt. 77.) NBC then sought to withdraw that motion to stay (Dkt. 90) in favor of the instant motion. Although NBC styled this motion as one for judgment on the pleadings under Rule 12(c), the pleadings have not yet closed. Where, as here, a motion is brought prematurely under Rule 12(c), courts may treat the motion as a motion to dismiss pursuant to Rule 12(b)(6). See KFD Enters. v. City of Eureka, No. C-08-4571 MMC, 2008 WL 1661822 at *3 (N.D. Cal. Apr. 22, 2010). Rule 12(c) and 12(b)(6) are "substantially identical" and the same standard applies to both. Qwest Commc'ns Corp. v. City of
(continued...)

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id</u>. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" <u>Id</u>. 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. The plaintiff has the burden of establishing that jurisdiction exists,

---

[4](...continued)
<u>Berkeley</u>, 208 F.R.D. 288, 291 (N.D. Cal. 2002); <u>see also</u> <u>Papst Licensing GmbH & Co. KG v. Xilinx Inc.</u>, –F.Supp.3d–, 2016 WL 3196657 at *6 (N.D. Cal. 2016). The court therefore treats this motion as a supplement to NBC's motion to dismiss and applies the Rule 12(b)(6) standard.

but need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." <u>Love v. Associated Newspapers. Ltd.</u>, 611 F.3d 601, 608 (9th Cir. 2010).

**III. Discussion**

NBC argues that this entire matter is precluded by the doctrine of res judicata. (Motion at 9.) Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." <u>Owens v. Kaiser Foundation Health Plan, Inc.</u> 244 F.3d 708, 713 (9th Cir. 2001); <u>W. Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine applies when there is "1) [an] identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties." <u>W. Radio Servs. Co.</u>, 123 F.3d at 1192.

Plaintiff contends, however, that this court's analysis of the identity of the claims factor should be guided not by federal law, but rather by California's "merger and bar" principles and their focus on "primary rights." (Opp. at 11-12.) The ways in which federal and California courts define claims differ for purposes of res judicata. <u>Gamble v. Gen. Foods Corp.</u>, 229 Cal.App.3d 893, 898 (1991). "The federal courts utilize a transactional analysis; i.e., two suits constitute a single cause of action if they both arise from the same 'transactional nucleus of facts' or a single 'core of operative facts.'" <u>Id.</u> (internal citations omitted). "Unlike the federal courts, . . . California courts employ the 'primary rights'

5

theory to determine what constitutes the same cause of action for preclusion purposes." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (internal quotations and citation omitted). Under this theory, "the determinative factor is the harm suffered." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010). "The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced." Id. "Hence, a judgment for the defendant is a bar to the subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different [l]egal ground for relief." Slater v. Blackwood, 15 Cal.3d 791, 795 (1975) (quotation marks and citation omitted); see also Branson v. Sun-Diamond Growers, 24 Cal. App. 4th 327, 341 (1994) ("[I]f the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action, no matter how many forms of kinds of relief he may claim . . . ." (quotation marks and citation omitted)).

Plaintiff relies primarily upon Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). The Semtek court addressed the question whether federal courts should look to state law in determining "the claim-preclusive effect of a federal judgment dismissing a diversity action . . .[,]" and determined that they should. Semtek, 531 U.S. at 499, 508. Defendant argues that Semtek is inapt because it looked to whether the court in the earlier action sat in diversity or not, without regard to whether the court in the second action exercises federal question or diversity jurisdiction. (Reply at 5.) NBC argues, in other words,

6

that federal law applies because the New York Order was based upon a federal question.

The Ninth Circuit "has held that a federal court sitting in diversity must apply the res judicata law of the state in which it sits. We have applied that rule even where the prior action was in federal court and involved federal questions." Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). The Constantini court proceeded to conclude, however, that California law looks to federal law to determine the effect of a prior federal judgment. Id. Some state and federal courts have disagreed with the Constantini court's interpretation of California law. See, e.g. Gamble, 229 Cal. App. 3d at 899; Southern Cal. Stroke Rehabilitation Associates, Inc. v. Nautilus, Inc., 782 F.Supp.2d 1096, 1105 (S.D. Cal. 2011).[5] Other courts have, however, restated the principle articulated in Constantini. See, e.g. Louie v. BFS Retail and Commercial Operations, LLC, 178 Cal. App. 4th 1544, 1553-54 ("[W]here a prior federal judgment was based on *federal question* jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law. Where a prior federal judgment was based on *diversity* jurisdiction, the preclusive effect is subject to federal common law – meaning the law of the state in which the federal court sits – if the state law is compatible with federal interests.") (internal citations omitted, emphases original); Butcher v. Truck Ins. Exchange, 77 Cal.App.4th 1442, 1452 (2000) ("California follows the rule that

---

[5] Although the court in Nautilus cites to Johnson v. GlaxoSmithKline, Inc., 166 Cal.App.4th 1497 (2008), that case does not specify whether the prior federal action involved a federal question.

7

the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction.").

Here, the New York Case was removed to the Southern District of New York on the basis of federal question jurisdiction, and the New York Order was based, in large part, on the Copyright Act. (Dkt. 81, Ex. A at 8, 18-24.) Thus, because the judgment in the New York case was based on a federal question, this court will apply federal law preclusion principles.

A. Identity of Claims

The Ninth Circuit relies on four factors to determine if there is an identity of claims. The factors are

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980); Constantini, 681 F.2d at 1201-02. The central issue in determining whether there is an identity of claims is whether the two suits "arise out of the same transactional nucleus of facts." Costantini, 681 F.2d at 1202; see also Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). Indeed, satisfaction of the fourth Constantini factor is often sufficient to find an identity of claims for res judicata without analysis of the other factors. Quinto v. JPMorgan Chase Bank, No. 11-CV-02920, 2011 WL 6002599, at *8 (N.D. Cal. Nov. 30, 2011); see Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993). When analyzing this factor, courts ask

"whether [the two actions] are related to the same set of facts and whether they could conveniently be tried together." W. Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).

Here, there is no doubt that the instant case and the New York case arise out of the same nucleus of facts. As the New York Order explains, the New York case was premised upon the allegation that NBC and others "used and exploited the television motion picture recording of the 'Nutcracker on Ice Starring Oksana Baiul' without entering into a written contract with Baiul or compensating her." (Dkt. 81, Ex. A at 7.) The operative complaint in the New York case also included other factual allegations made here as well, including NBC's failure to cover production expenses or pay royalties to Plaintiff. (Id.) Indeed, as the New York Order observed, the allegations at issue there "bear substantial similarity to – and assert the same three claims as – those contained in Baiul's initial complaint in her California action. (Id. at 8.) Although Plaintiff did file a SAC after this court dismissed her initial complaint, it is premised upon the same facts, and therefore continues to share a common nucleus with the New York case.

Indeed, perhaps because of these similarities, Plaintiff's opposition makes no attempt to argue that there is an identity of claims here. Instead, Plaintiff argues that different primary rights are implicated by this case and the New York case. (Opp. at 15.) Even if California law of claim preclusion did apply, however, Plaintiff's argument would not be persuasive. Plaintiff contends that different primary rights are at issue because "a cause of action in contract asserts a different primary right than

9

a cause of action in tort." (Id.)  Plaintiff therefore appears to suggest that because she alleged unjust enrichment in New York and breach of contract here, the issues involve different primary rights.  As explained above, however, "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced." Boeken 48 Cal.4th at 797; Branson v. Sun-Diamond Growers, 24 Cal. App. 4th at 341 ("[I]f the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action, no matter how many forms of kinds of relief he may claim . . . ." (quotation marks and citation omitted)).  For res judicata purposes, therefore, there is an identity of claims between the New York case and the instant action.

The remaining res judicata factors are not in serious dispute. Plaintiff does not dispute that the parties here are identical. She does contend, however, that there is no final judgment on the merits because "Plaintiffs' appeal of Judge Forrest's refusal to permit an amendment of the NY Operative Complaint" means that "all possible causes of action" have not yet been ruled upon. (Opp. at 17.)  The thrust of Plaintiff's contention is not entirely clear, and portions of her opposition appear dedicated to criticizing the New York Order and some of its "puzzling aspects." (See, e.g., Opp. at 6 n.4.)  Regardless of Plaintiff's feelings regarding the New York Order, however, a district court judgment is "final" for purposes of res judicata in federal courts, even during the

pendency of an appeal.[6] Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006).

There is an identity of claims between this action and the New York case, a final judgment on the merits in that prior case, and identity of parties. Accordingly, this actions is barred as res judicata.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion is GRANTED, in part. This matter is DISMISSED as res judicata. Defendants' request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: October 5, 2016

DEAN D. PREGERSON
United States District Judge

---

[6] To the extent Plaintiff argues that the New York Order was not "on the merits" because it relied on a state law statute of limitations, that argument too is misplaced. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 28 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim . . . : as a judgment on the merits.").

11